MAXON (UNITED STATES v.). See Case No. 15,748.

MAXWELL (AGUIRRE v.). See Case No. 101.

MAXWELL (ALSOP v.). See Cases Nos. 263 and 264.

MAXWELL (BANGS v.). See Case No. 841.

MAXWELL (BAXTER v.). See Case No. 1,126.

MAXWELL (BISCHOFF v.). See Case No. 1,438.

## Case No. 9,322.

MAXWELL et al. v. The BROTHERS and The LADY FRANKLIN.

[1 Chi. Leg. News, 73.]

Circuit Court, N. D. Illinois. 1869.[1]

COLLISION—STEAM VESSEL — CROWDED HARBOR—DUTY TO SLOW DOWN—BOTH IN FAULT.

[It is the duty of all vessels, and especially such as are propelled by steam, on entering a narrow and crowded harbor, to slow down. A steam vessel violating this rule will not be exonerated from blame in case of collision, although the colliding vessel was also in fault in taking the wrong course, and for not signaling.]

[Appeal from the district court of the United States for the Northern district of Illinois.

[This was a libel in admiralty by John C. Maxwell and others, owners of the schooner Supply, against the steamtug Brothers and the propeller the Lady Franklin, for damages resulting from a collision. From a decree of the district court in favor of libelants (Case No. 1,969), the owners of the propeller appeal.]

Miller, Van Arman & Lewis, for libellants.
Rae & Mitchell, for the Lady Franklin.
H. F. White, for the Brothers.

DAVIS, Circuit Justice. This was a cause of collision in the Chicago harbor, and near its entrance. The district court found the tug, schooner, and propeller were each in fault, and decreed that each should pay one-third of the loss. The schooner and tug were satisfied with the decree, but the propeller took an appeal: and the sole question is whether the decision against her is correct.

The tug was proceeding with the schooner towards the lake, and, after passing through

Rush Street bridge, crossed to the north side of the river without signaling the propeller, (which was then entering the harbor,) or obtaining her permission to do so. In the absence of this signal or permission, the tug should have kept to the starboard side of the river; and because she did not, was in fault.

It is insisted on the part of the propeller, as she kept her own side of the river, she was free from blame. This position is not well taken. It is the duty of all vessels, especially those propelled by steam, in entering a narrow harbor like the Chicago river, where the dangers of navigation are much greater than in the open lake, to use great caution. The interests of commerce, as well as the safety of life and property, imperatively require that courts should enforce this duty. No steamboat should enter a harbor like this, where different kinds of vessels are constantly passing, without checking down her speed to a point that would allow only a proper steerage way, and at the same time leave the boat under easy control. The master of the Franklin failed to check the speed of his boat down to this point, although the tug and tow were in plain sight, descending the river. If this plain duty had been performed, this collision would not have occurred; or had it occurred, would not have been so disastrous.

The fault of the tug in taking the wrong side of the river did not excuse or palliate the fault of the Franklin. The Franklin was bound to reduce her speed, in proper season, to the necessary rate, regardless of the conduct of the tug in violating the ordinary rules of navigation. In no other way, in case of collision, could she be freed from responsibility.

But, it is said, if the Franklin was in fault, the court erred in the rule of assessment of damages. This may, or may not, be true; but, if true, the error is in favor of the Franklin, of which she cannot complain.

The only serious question in this case is, whether the Franklin should not have been made to pay one-half of the loss.

The decree of the district court is affirmed.

MAXWELL v. The BROTHERS and The LADY FRANKLIN. See Case No. 1,969.